UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUIS ALBERTO VALADEZ,

    Plaintiff,

v.                                           CASE NO. 6:22-cv-149-MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**ORDER**

    Before the Court is Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Doc. 25), the Commissioner's Response in Opposition (Doc. 27), and Plaintiff's reply (Doc. 29). For the reasons discussed below, Plaintiff's motion is granted.

    Plaintiff filed a Complaint (Doc. 1) with this Court after the Commissioner denied Plaintiff's application for period of disability and disability insurance benefits (DIB). This Court reversed the ALJ's decision and remanded the case to the administration for further administrative proceedings (Doc. 23). As the prevailing party, Plaintiff now moves for an award of $11,382.67 in attorney's fees and $402.00 in filing fees. In the reply, Plaintiff requests additional fees incurred in preparing the reply, raising the fee sought to $11,730.73 (Doc. 29). Plaintiff includes an itemization of the services rendered by Gabrielle B. Saint Charles and Charles Binder and a copy of Attorney Charles's fee contract with Plaintiff (Doc. 25-4, 25-5).

For Plaintiff to be awarded fees under EAJA, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney's fees;[1] (2) Plaintiff's net worth must have been less than $2 million at the time the Complaint was filed; (3) Plaintiff must be the prevailing party; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, INS v. Jean,* 496 U.S. 154, 158 (1990); *McCullough v. Astrue*, 565 F. Supp. 2d 1327, 1330 (M.D. Fla. 2008). Here, the Commissioner concedes these requirements but contends that the number of hours claimed by Plaintiff's counsel is not reasonable (Doc. 26).

EAJA fees are decided under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson,* 863 F.2d 759, 773 (11th Cir.1988), *aff'd* 496 U.S. 154 (1990). The burden of demonstrating the reasonableness of the requested hourly rate and the number of hours spent on the case lies with the party seeking the fees. *Brooks v. Comm'r of Soc. Sec.*, No. 6:18-cv-54-Orl-EJK, 2020 WL 3250042, at *2 (M.D. Fla. Apr. 27, 2020) (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Watford v. Heckler*, 765 F.2d 1562, 1568

---

[1] The plaintiff in a social security case has 30 days beyond the 60-day appeal window to apply for fees and other expenses under the EAJA, for a total of 90 days after judgment. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); Fed. R. App. P. 4(a)(1)(B); *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1343 (M.D. Fla. 2002). In this case, Plaintiff timely filed his application for fees (Doc. 25).

2

(11th Cir. 1985)).  The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992).

Plaintiff's attorney requests an hourly rate of $217.54 for 2021 and $232.37 for 2022 (Doc. 25-3).  Based on the undersigned's own knowledge and experience and the Commissioner's lack of objection (Doc. 26 at 2), the Court concludes that this hourly rate is fair and reasonable.  *Norman*, 836 F.2d at 1303 (stating that "[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value") (quotation omitted).

The Court next looks at the reasonableness of the hours.  The Commissioner claims that the issues raised in this case were not novel or complex and that the number of hours Plaintiff's counsel worked on the brief were excessive.  As a result, the Commissioner requests that the Plaintiff's EAJA fee award be reduced by 15 hours.  In reviewing a claim for hours reasonably expended, the Court must exercise independent judgment.  *Norman, supra,* 836 F.2d at 1301-02.  Here, Attorney Saint Charles expended a total of 44.6 hours and Attorney Binder expended at total of 4.5 hours in EAJA-related representation of Plaintiff at the federal court level.  In the thirty-two-page memorandum of law, Plaintiff contended the ALJ committed reversible error by (1) failing to evaluate the medical opinion evidence in accordance with SSA policy and Eleventh Circuit precedent; and (2) failing to properly evaluate Plaintiff's subjective complaints in accordance with the regulations and Eleventh

3

Circuit precedent (Doc. 18). While the administrative record was not sizeable, Plaintiff's counsel states that the record was replete with extensive relevant facts and applying those facts required significant brief-writing time (Doc. 29 at 4). Plaintiff's counsel also states that this case is not typical in that it involved a lengthy period at issue with multiple health concerns. Plaintiff's counsel had to familiarize herself with Plaintiff's complex medical history and medical conditions as well as the factual history of this case to cull the best legal arguments from the record (Doc. 29 at 4-5). And she was successful: this Court remanded Plaintiff's case to the agency for further proceedings (Doc. 23).

After reviewing Plaintiff's counsel's itemization of hours worked, the administrative record, and the parties' two-issue memoranda, I find the time spent by Plaintiff's counsel was reasonable and was neither excessive nor redundant. I further find that the time Plaintiff spent preparing the petition for attorney fees under the EAJA and her reply brief (specifically, 1.6 hours) was reasonable. Accordingly, for the foregoing reasons, it is hereby

**ORDERED**:

1. Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Doc. 25) is GRANTED.
2. Plaintiff is awarded $11,730.73 in attorney's fees and $402.00 in filing fees.
3. The Commissioner's remittance of this amount is payable to Plaintiff in accordance with *Astrue v. Ratliff*, 560 U.S. 586, 597 (2010). If the government concludes that

    Plaintiff does not owe any debt to the government, the Commissioner is advised that she may honor the assignment of fees to Plaintiff's counsel (Doc. 25-3, 25-4).

4. The Clerk is directed to enter an amended judgment accordingly.

**DONE** in Tampa, Florida on May 1, 2023.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE